# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 12 CR 0049 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ARTURO TERRELL. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to reconsider [64] the Court's October 22, 2014 opinion and order [62] declining Defendant's request to set this matter for a suppression hearing and denying Defendant's motion to suppress. For the reasons set forth below, Defendant's motion to reconsider [64] is denied.

**I.      Background**

Defendant Arturo Terrell is charged with three narcotics violations (Counts I–III) and unlawful possession of a firearm by a convicted felon (Count IV). Defendant was arrested in his home in Dolton, Illinois on the evening of January 19, 2012 after selling ten ounces of crack cocaine to an FBI informant. The FBI obtained a "no knock" search warrant for Defendant's home the day before the arrest. The affidavit accompanying the search warrant summarized a meeting between Defendant and the informant about their forthcoming drug transaction, and also recited information about Defendant's past possession of firearms and his firearm- and narcotics-related criminal history. According to the Government, when the agents executed the warrant, Defendant's son and girlfriend were present in the house. The agents searched the home and found drug paraphernalia, approximately two ounces of suspected crack cocaine, and a semi-automatic pistol.

Defendant's motion to suppress alleged that after the agents detained him, but before he was given his *Miranda* warnings, the agents asked him whether and where any weapons were

located in the residence. After searching Defendant's home, agents transported Defendant to a law enforcement facility in Chicago, where Defendant waived his *Miranda* rights before making both oral and written statements to the agents.

Defendant moved to suppress certain statements that he made in his home in response to the agents' questions regarding the presence and whereabouts of weapons. Defendant also moved to suppress those same statements and the statements that he made at the law enforcement facility after waiving his *Miranda* rights, claiming that his use of drugs and alcohol rendered him incapable of knowingly and voluntarily waiving his privilege against self-incrimination.

The Court denied Defendant's motion to suppress. First, relying on *United States v. Hernandez*, 751 F.3d 538, 542 (7th Cir. 2014) and *United States v. Are*, 590 F.3d 499, 506 (7th Cir. 2009), the Court found that the agents' questions regarding the presence and whereabouts of weapons—made while Defendant was in custody but prior to any *Miranda* warning—were appropriate under *Miranda*'s public-safety exception. Second, the Court found that Defendant's alleged intoxication was insufficient to show that his waiver of his *Miranda* rights was involuntary, both because Defendant failed to show any accompanying coercion on the part of the agents and because Defendant's conclusory allegations of intoxication were legally insufficient. The Court found that an evidentiary hearing on Defendant's suppression motion was unnecessary because Defendant failed to show that there were any disputed issues of material fact sufficient to warrant such a hearing. See *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995). Defendant now asks the Court to reconsider its decision.

## II.  Legal Standard

In addressing motions to reconsider in the criminal context, courts ordinarily apply the same standards as those used in civil cases. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (noting that "[n]one of the Rules of Criminal Procedure authorizes a generic motion to

reconsider," but that such "[m]otions may exist as a matter of general practice," and concluding that "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits" (citing *United States v. Healy*, 376 U.S. 75, 84 (1964))). In the civil context, courts review motions to reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b), the Court's inherent authority, and the common law. See Fed. R. Civ. P. 54(b) (noting that "any order * * * may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities"); *FDIC v. Mahajan*, 2013 WL 3771419, at *1 (N.D. Ill. July 16, 2013). Motions to reconsider should be granted only in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Crédit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). A motion to reconsider "is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Mahajan*, 2013 WL 3771419, at *2.

### III. Analysis

#### A. The Public-Safety Exception to *Miranda*

Defendant argues that the Court applied *Miranda*'s public-safety exception[1] too broadly, claiming that the exception "is not invoked every time agents arrest a drug dealer because he may be armed." [64, at 7]; see also *Are*, 590 F.3d at 505 ("Under the 'public safety' exception to

---

[1] See *New York v. Quarles*, 467 U.S. 649, 655–56 (1984) ("We hold that on these facts there is a 'public safety' exception to the requirement that Miranda warnings be given before a suspect's answers may be admitted into evidence, and that the availability of that exception does not depend upon the motivation of the individual officers involved." (citing *Miranda v. Arizona*, 384 U.S. 436 (1966))).

*Miranda* * * * police officers can ask a suspect questions without first giving *Miranda* warnings if they reasonably believe it is 'necessary to secure their own safety or the safety of the public.'" (quoting *Quarles*, 467 U.S. at 659)). As an initial matter, the Court agrees with Defendant that drug arrests do not necessarily justify public-safety searches for weapons in every instance. But the Court's prior order listed multiple undisputed facts that justify the application of *Miranda*'s public-safety exception in this case.

First, the search-warrant affidavit recited information regarding Defendant's past possession of firearms and his history of firearm and narcotics convictions, and the agents conducting the search of his home were aware of this information. See *Are*, 590 F.3d at 505 (finding that information on the warrant regarding defendant's criminal history and prior drug and weapons offenses was sufficient to trigger the public-safety exception, allowing an officer to question a suspect about whether he had a gun). Second, Defendant was dealing drugs, and "drug dealers are known to arm themselves," *Hernandez*, 751 F.3d at 542, such that "guns are the tools of the drug trade." *Are*, 590 F.3d at 506. Thus, even if the nature of a drug offense alone might not justify a search for weapons, it is a factor that in combination with others is entitled to consideration under *Hernandez* and *Are*. Third, the presence of other people inside the home during the search "bolsters the conclusion that the question about a weapon falls within the public safety exception." *Are*, 590 F.3d at 506. Defendant does not adequately refute any of these facts in his motion for reconsideration.[2] These facts put this case squarely on all fours with the

---

[2] Defendant argues in conclusory fashion that there is a factual dispute over whether anyone was at the home during the search. [64, at 8.] But Defendant's argument falls short in three respects. First, conclusory statements are insufficient; Defendant fails to present "definite, specific, detailed, and nonconjectural facts" to establish a disputed issue of fact here. *Rodriguez*, 69 F.3d at 141. Second, the district court in *Are* recognized the importance of this factor even where the "police *could not rule out the possibility* that another person was in the home." 590 F.3d at 505 (emphasis added). Third, the Court's decision stands independent of this fact, which only "bolsters" its decision to invoke the public-safety exception—the presence (or absence) of others on the premises alone is not determinative. *Id.* at 506.

legal principles set forth by the Seventh Circuit in *Hernandez* and *Are*, and Defendant offers nothing to refute these facts or to introduce new facts to call these facts into question.[3] Thus, there is no reason to conduct an evidentiary hearing; *Miranda*'s public-safety exception applies.

### B. Knowing and Voluntary

Courts utilize a "totality of the circumstances" inquiry to determine whether a defendant's waiver of his *Miranda* rights was done "voluntarily, knowingly, and intelligently." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). One factor in determining whether a waiver was voluntary is "whether the defendant was under the influence of drugs or alcohol." *Watson v. Detella*, 122 F.3d 450, 453 (7th Cir. 1997). However, "a defendant's intoxication or low intelligence by itself—without some showing of coercion by the government—will not negate involuntariness." *United States v. Chrismon*, 965 F.2d 1465, 1469 (7th Cir. 1992). Also, it is insufficient for a defendant to allege, in conclusory fashion, that he was too "intoxicated" to voluntarily waive his *Miranda* rights; a defendant must provide details regarding "how he was intoxicated, what substance he was intoxicated with, or the level of intoxication he suffered." *United States v. Toro*, 359 F.3d 879, 885 (7th Cir. 2004).

Defendant argues that the FBI agents' execution of the "no knock" warrant—which immediately preceded their questions regarding the presence and whereabouts of weapons in the home—is evidence of coercive action. The Court disagrees. First, the reason why the coercion inquiry is coupled with the intoxication inquiry is to ensure that police do not exploit a defendant's insobriety. See, *e.g.*, *United States v. Haddon*, 927 F.2d 942, 946 (7th Cir. 1991) ("[W]hen the interrogating officers reasonably should have known that a suspect was under the

---

[3] Defendant tries to distinguish the facts of his case from the facts in *Are*, *Hernandez*, and *Quarles*, but the distinctions are not significant. Defendant also notes that the district courts in those cases conducted evidentiary hearings before reaching their decisions on defendants' motions to suppress, but because Defendant has not identified any concrete factual disputes, an evidentiary hearing is not needed here.

influence of drugs or alcohol, a lesser quantum of coercion may be sufficient to call into question the voluntariness of the confession."). That concern does not exist when police are executing (or obtaining) a no-knock warrant because at that point the police likely have not yet encountered the defendant and are thus unaware of his sobriety level.[4] Plus, the whole point of *Miranda*'s public safety exception is that it allows police to question suspects about potential safety threats immediately upon encounter, and allowing defendants to rebrand this prophylactic measure as a coercion technique would create an unjustified legal loophole at the expense of officers' and the public's safety. Second, Defendant makes no argument regarding coercion at the police interrogation facility, assumedly conceding that no coercion occurred at that time.

Defendant also argues that whether he was intoxicated is a disputed issue of fact, requiring an evidentiary hearing. Again, the Court disagrees. Despite having been given a second chance, Defendant still fails to allege with sufficient particularity how he was intoxicated, stating only in conclusory fashion that he consumed drugs and alcohol. See *United States v. Clay*, 2012 WL 6106642, at *4 (N.D. Ill. Dec. 10, 2012) (supporting pre-trial filings with defendant's testimony that he ingested considerable amounts of vodka and Ecstasy pills and smoked several blunts of marijuana in period immediately before his arrest and questioning by officers), appeal dismissed, 562 F. App'x 531 (7th Cir. Apr. 21, 2014); see also Mot. in Limine Regarding Suppression Hr'g at 2, *United States v. Clay*, No. 11-cr-399, ECF No. 58 (N.D. Ill. Oct. 17, 2012) (proffering in motion to suppress that Defendant would provide specific testimony

---

[4] Here, the FBI's confidential informant was in Defendant's home 15 minutes prior to the agents' entry, providing audio and video feed of his drug transaction with Defendant to the agents. However, the agents obtained the no-knock warrant the day before arrest, and there is no evidence that the agents procured a no-knock warrant (as opposed to a traditional search warrant) as a means of exploiting Defendant's potential intoxication the next day. Instead, the undisputed allegation is that the agents procured a no-knock warrant because they had information that the home would be locked in response to a recent burglary, and they wanted to prevent the potential destruction of evidence that might arise had Defendant refused to unlock the door upon request.

concerning the extent to which he had consumed marijuana, cocaine, and Ecstasy and his lack of sleep during the two-day period immediately prior to his arrest). Defendant does not point to any evidence that would support his allegation that he was intoxicated. But regardless, because intoxication by itself is insufficient to show that a *Miranda* waiver was involuntary, and because Defendant failed to establish any coercion by the government, any further inquiry into Defendant's purported intoxication is unnecessary.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Reconsider Ruling on Motion to Suppress Statements [64] is denied.

Dated: March 6, 2015

_____
Robert M. Dow, Jr.
United States District Judge