# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 12 CR 0049 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| ARTURO TERRELL | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to suppress evidence pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). For the reasons set forth below, Defendant's motion [86] is denied. The Court concludes that an evidentiary hearing is not necessary because Defendant has failed to make a "substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," or that any such statement was essential to the establishment of probable cause. *Franks*, 438 U.S. at 155–56. The parties' pre-trial conference remains set for 4/6/2016 at 10:30 a.m.

**I.   Background**

Defendant Arturo Terrell is charged with three narcotics violations (Counts I–III) and unlawful possession of a firearm by a convicted felon (Count IV). FBI agents arrested Defendant in his home in Dolton, Illinois on the evening of January 19, 2012 after Defendant sold 10 ounces of crack cocaine to an FBI informant. The FBI obtained a search warrant for Defendant's home the day before the arrest, and upon searching the home, the agents found drug paraphernalia, crack cocaine, marijuana, and a semi-automatic pistol. Defendant now argues that certain items seized during the search of his home should be suppressed pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the search warrant application allegedly contained false statements that were material to the Magistrate Judge's finding of probable cause.

On January 19, 2012, Special Agent Jennifer M. Shipman of the Federal Bureau of Investigation applied for a warrant to search Plaintiff's home, located at 14430 South Avalon Avenue in Dolton, Illinois. Special Agent Shipman averred that probable cause existed to search Defendant's Dolton residence based on the content of a consensually recorded meeting between Defendant and a confidential informant[1] that took place on January 18, 2012, during which Defendant agreed to sell the informant 10 ounces of crack cocaine at his Dolton residence on the following day. During this meeting, Defendant told the informant that he previously had $10,000 of heroin stolen from his Dolton residence, and that as a result, he now kept most of his drugs at his girlfriend's residence in Harvey, Illinois,[2] but that he still kept some drugs at the Dolton residence, and that someone was always there "to look over the drugs" and to keep the house "locked down." Based on this information, the FBI agent requested permission to search Defendant's Dolton residence for evidence, instrumentalities, fruits, and contraband concerning the violation of Title 21, U.S.C. §§ 841 and 846 (conspiracy to possess and possession with the intent to distribute a controlled substance), including controlled substances, drug paraphernalia, and U.S. currency.

On January 19, 2012, Magistrate Judge Denlow found that the Government's anticipatory search warrant application, which was predicated on the consummation of the scheduled drug transaction between Defendant and the confidential informant, established probable cause to believe that the Dolton residence contained evidence relating to the aforementioned drug offenses, and he issued the search warrant.

---

[1] The confidential informant was cooperating with law enforcement after having been arrested in late 2011 on firearm-related charges. The informant had prior convictions for firearms charges, theft, and witness harassment.

[2] The government also applied for an anticipatory search for the Harvey, Illinois residence, but Defendant was not charged based on any evidence recovered from that property, and thus the search of the Harvey residence is not at issue in Defendant's motion. [See 86, ¶ 1.]

Later that same day, the confidential informant completed the drug transaction as planned, purchasing 10 ounces of crack cocaine from Defendant in a deal that took place inside of the Dolton residence. The transaction was consensually recorded by audio and video, and monitored by agents via real-time transmission. With the predicate narcotics transaction complete, the FBI agents executed the search warrant, recovering additional crack cocaine, marijuana, narcotics paraphernalia, and a firearm from the Dolton residence. Defendant was arrested, and on February 14, 2012, he was charged by indictment with three narcotics-related violations and with unlawful possession of a firearm by a convicted felon.

## II.   Analysis

Affidavits and complaints supporting warrants are presumed valid. *United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009). However, a defendant is entitled to a *Franks* hearing—*i.e.*, "an evidentiary hearing regarding the veracity of information included in a search warrant application"—if he or she "can make a substantial preliminary showing that: (1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause." *United States v. Mullins*, 803 F.3d 858, 861–62 (7th Cir. 2015); see also *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The Seventh Circuit has held that *Franks* also applies to material omissions, not just false statements, where the defendant must show that the affiant intentionally or recklessly omitted information. *Mullins*, 803 F.3d at 862; *United States v. Hoffman*, 519 F.3d 594, 604 (7th Cir. 2008); *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir. 2003) ("The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." (internal quotation marks and citations omitted)). "[A]n omitted

detail is 'material' only if its inclusion would upset a finding of probable cause." *United States v. McDuffy*, 636 F.3d 361, 363 (7th Cir. 2011).

Regarding falsity, "conclusory, self-serving statements are not enough to obtain a *Franks* hearing." *Johnson*, 580 F.3d at 671; see also *United States v. Reed*, 726 F.2d 339, 342 (7th Cir. 1984) ("[T]he *Franks* presumption of validity of an affidavit supporting a search warrant cannot be overcome by a self-serving statement which purports to refute the affidavit." (citation omitted)). To show that an affiant made false statements intentionally or with reckless disregard for the truth, "[t]he defendant must offer evidence showing either that the warrant affiant lied or that the warrant affiant recklessly disregarded the truth because he 'in fact entertained serious doubts as to the truth of his allegations' or had 'obvious reasons to doubt the veracity of the allegations.'" *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000) (citations omitted); see also *United States v. Whitley*, 249 F.3d 614, 621 (7th Cir. 2001) (citing *United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984)). "It is not enough to show that an informant lied to the government officer, who then included those lies in the complaint." *Johnson*, 580 F.3d at 670. If the court determines that "sufficient allegations existed warranting the search irrespective of the affiant's alleged errors," then a hearing is unnecessary and the *Franks* motion should be denied. *Mullins*, 803 F.3d at 862 (citing *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006)). "Because these elements are hard to prove, *Franks* hearings are rarely required." *United States v. Slizewski*, 809 F.3d 382, 384 (7th Cir. 2016).

Defendant points to four allegedly false statements/omissions that he claims warrant a *Franks* hearing. The Court addresses each in turn.

***First***, Defendant says that the FBI agent knowingly or recklessly provided false information in her warrant application by stating that the confidential informant had known

Defendant for 10 years and that he/she only knew Defendant by his street name of "Herb." To the contrary, Defendant says that he and the confidential informant have known each other for 15 years and that they know each other's first and last names. To provide context for the affiant's inclusion of this statement in the warrant application, the affiant noted that even though the informant only knew Defendant by his street name of "Herb," the informant nonetheless was able to validate his/her identification of Defendant by confirming that "Herb" was the person depicted on Defendant's driver's license. In other words, the affiant's inclusion of this allegedly false statement was intended to establish that the confidential informant correctly identified Arturo Terrell as the subject of the FBI's investigation.

This allegedly false statement does not warrant a *Franks* hearing. First, the discrepancy between the confidential informant's representation and Defendant's version of the truth is minimal: the confidential informant actually said that he/she had known Defendant "for more than 10 years," which is not inconsistent with Defendant's claim. See *Souffront*, 338 F.3d at 822 ("A technical contradiction does not reveal a disregard of the truth."). This is not the substantial preliminary showing of falsity needed to justify a *Franks* hearing. Second, Defendant has not established that the affiant knew, or should have known, that the informant's statement was false. See *Jones*, 208 F.3d at 607 (7th Cir. 2000); *Whitley*, 249 F.3d at 621. Because the FBI agent was able to confirm the accuracy of the informant's identification of Arturo Terrell as the subject of the investigation, there was no "obvious reason" for the affiant to doubt the veracity of the informant's statements regarding the duration of their acquaintance.[3] Third, Defendant has failed to show that this statement was material to the finding of probable cause. The confidential informant's statements about the duration and extent of his/her ties to Defendant are relevant

---

[3] The affiant also noted in regard to confirmation of Terrell as the subject of the investigation that "both the NCIC and CPD Clear databases list 'Herb' as one of the aliases used by TERRELL."

only to show that the informant was capable of positively identifying Defendant. The probable cause justifying the search, however, stemmed from Defendant's recorded statements agreeing to sell crack cocaine to the confidential informant at Defendant's home in Dolton, Illinois on January 19, 2012—statements that were included in the warrant application and that Defendant does not dispute. If the truthful statements in the search warrant affidavit are sufficient to establish probable cause for the search, then no *Franks* hearing is needed. See *United States v. Gray*, 410 F.3d 338, 344 (7th Cir. 2005); *United States v. Ferra*, 948 F.2d 352, 353 (7th Cir. 1991). The duration and scope of the confidential informant's acquaintance with Defendant have no bearing on the probable cause determination. See, *e.g.*, *United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (an unimportant statement, even if viewed as intentionally misleading, does not trigger the need for a *Franks* hearing).

***Second***, Defendant says that the FBI agent knowingly or recklessly proffered false statements in her warrant application by including a statement from the confidential informant that in October 2011, he/she helped broker a sale of approximately two pounds of marijuana between Defendant and a fellow gang member from St. Louis, for which the informant allegedly received $100. Defendant denies that this transaction ever took place, stating that he has "never been involved in [a] drug transaction with the [confidential informant] where [he/she] brokered a deal for me and a person from St. Louis." [86-1, at 1.] To put the statement in context, the affidavit says that the confidential informant sold marijuana for Defendant in the 1980s, but had not been involved in a drug transaction with Defendant since then, except for this one brokered transaction in October 2011.

This allegedly false statement does not warrant a *Franks* hearing. Regarding the falsity of the statement, Defendant's single-sentence denial is not a "substantial preliminary showing" of

6

falsity based on its brevity, lack of detail, absence of corroborating evidence, and the fact that it does not directly negate the informant's sentence (*i.e.*, it only directly negates the informant's contention that the drug deal involved a person from St. Louis, not the fact that the informant brokered a drug deal in general). *Johnson*, 580 F.3d at 671; *Souffront*, 338 F.3d at 822. Regardless, Defendant has not provided any evidence showing that the affiant knew, or should have known, that the statement was false. See *Jones*, 208 F.3d at 607; *Whitley*, 249 F.3d at 621. The confidential informant was forthcoming in stating that he/she "had not been involved in a drug transaction" with Defendant since the 1980s, and thus there was no obvious reason for the FBI agent to doubt the veracity of the informant's statement regarding his/her tangential involvement in one isolated marijuana sale. But even if the informant had lied about the 2011 transaction, and even if the affiant had been reckless in including this representation in her warrant application, the statement does not impact the probable cause for the search established by the recorded conversation between Defendant and the confidential informant on January 18, 2012 (in which Defendant agreed to sell drugs to the informant on the following day) and Defendant's subsequent selling of crack cocaine to the confidential informant on January 19, 2012. See *Mullins*, 803 F.3d at 862.

*Third*, Defendant says that the confidential informant lied by claiming that he/she had been inside of the Dolton and Harvey residences prior to January 18, 2012, and that the FBI agent knowingly or recklessly included this lie in her warrant application. In that warrant application, the FBI agent explained that the confidential informant knew of the presence of narcotics and firearms at the Dolton and Harvey residences based on multiple "recent occasions on which he/she had observed narcotics and/or firearms" at those residences. The affiant cited three examples: (1) in January 2012, while driving in a car with Defendant, the informant saw

Defendant take a bag of marijuana from the Harvey residence and then drive it to the Dolton residence where he sold it to another individual for $1,200, (2) in January 2012, the informant saw a half kilogram of heroin, 10 pounds of marijuana, and a handgun at the Harvey residence, (3) in January 2012, while at the Dolton residence, Defendant showed the informant a half kilogram of heroin and a handgun. Defendant says that the confidential informant "never saw any * * * drugs or weapons in either the Harvey or Dalton sites," and that the informant "was never at the Dalton or Harvey locations except for the January 18–[1]9, 2012 dates." [86-1, at 1.]

This allegedly false statement does not warrant a *Franks* hearing either. Regarding the alleged falsity of the statement, again, Defendant's terse and self-serving assertion does not amount to the "substantial preliminary showing" necessary to warrant a *Franks* hearing based on its brevity, lack of detail, absence of corroborating evidence. See *Johnson*, 580 F.3d at 671. There is also a question as to whether Defendant's averments actually contradict the informant's statements. The affidavit does not say that the informant ever went inside of the Dolton residence (*i.e.*, the residence from which the police seized the evidence that Defendant now seeks to suppress). Instead, the affidavit says that Defendant drove the informant "to the Dolton Residence" where a drug transaction occurred, and that Defendant showed the informant heroin and a handgun "at the Dolton Residence"—there is no indication as to whether these events took place inside or outside of the home. See *Souffront*, 338 F.3d at 822. In addition, Defendant makes no showing that the affiant knew, or should have known, that the statement was false. See *Jones*, 208 F.3d at 607; *Whitley*, 249 F.3d at 621. Indeed, when the affiant drafted the affidavit, she already had in her possession a recorded conversation between Defendant and the informant scheduling a drug transaction for the following day, and in that recorded conversation, Defendant corroborates the informant's statements by divulging that he had $10,000 of heroin stolen from

8

the Dolton residence, and that as a result, he started keeping someone at the Dolton residence to "look over the drugs" such that "the crib really locked down now." Defendant's admissions corroborate the informant's statement that Defendant had heroin and a handgun at the Dolton residence, contradicting any allegation that the affiant knowingly or recklessly disregarded the truth by including the informant's representations in the warrant application. And again, even if the informant's statements were false, Defendant admits that the informant *was* inside of the Dolton property on January 18 and 19, 2012, and it was the substance of Defendant's interactions with the confidential informant on those days that provided the probable cause for the search. See *Mullins*, 803 F.3d at 862.

*Fourth*, Defendant says that the confidential informant's descriptions of the Dalton and Harvey properties do not include any details about the interior of the residences, and that this material omission calls into question both the informant's and the affiant's veracity. The Court disagrees. The affiant says in her warrant application that "[b]ecause this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to believe that evidence, instrumentalities, fruits, and contraband" is present at the Dolton residence. And as mentioned repeatedly in this order, Defendant concedes that the confidential informant *was* present inside of the Dolton residence on January 18, 2012, at which time (1) the confidential informant made a deal to purchase crack cocaine from Defendant at that residence on the following day, and (2) Defendant admitted that he had heroin stolen from that home, he currently keeps drugs in that home, and that he keeps someone at the house to "look over the drugs" and keep the residence "locked down." These facts corroborate the informant's averments about having seen drugs and guns in the Dolton

residence. More importantly, in combination with the completed drug transaction between Defendant and the confidential informant on January 19, 2012, these facts provide probable cause for the search. This alleged omission is not material, and thus does not warrant a *Franks* hearing. See *McDuffy*, 636 F.3d at 363.

## III. Conclusion

For the foregoing reasons, Defendant's motion to suppress evidence [86] and his accompanying request for an evidentiary hearing on his motion are denied.

Dated: April 1, 2016

_____
Robert M. Dow, Jr.
United States District Judge